JAMES H. BEASLEY v. JOEL R. BANKS

No. 873DC855

(Filed 7 June 1988)

**Contracts § 7— covenant not to compete—area excluded overbroad**

    A covenant not to compete between an optician and an optometrist who had formerly rented office space from the optician was overbroad and summary judgment should have been entered for defendant optometrist where the forecast of proof was sufficient to establish that plaintiff had no pool of

customers that he had a legal right to protect in many of the places covered by the agreement and that obligating defendant not to sell eyeglasses in those places was unnecessary for the protection of plaintiff's business.

APPEAL by defendant from *Aycock, Judge*. Judgment entered 13 May 1987, *nunc pro tunc* 8 May 1987, in District Court, CRAVEN County. Heard in the Court of Appeals 3 February 1988.

*Beswick, Herring, Graham & Barnhill, by George W. Beswick, for plaintiff appellee.*

*Henderson, Baxter & Alford, by B. Hunt Baxter, Jr., for defendant appellant.*

PHILLIPS, Judge.

For a number of years plaintiff, an optician, has made and sold eyeglasses in Havelock, a Craven County municipality, and in doing so used a building with adjoining offices that are arranged and equipped to serve his needs and those of an optometrist. Defendant, an optometrist who tests eyes and prescribes lenses for people with defective vision, started his practice in Havelock in June 1983; and from that time until 22 June 1986 he occupied and used plaintiff's optometry office space and equipment under a lease contract in which he agreed that for five years after vacating plaintiff's premises, except for certain parts of Jones and Pamlico Counties, he would not dispense eyeglasses within a radius of thirty air miles of Havelock. Immediately after vacating plaintiff's premises, however, defendant obtained other office space in Havelock and began dispensing eyeglasses incident to his optometry practice. Plaintiff sued upon the contract and following the motions of both parties for summary judgment and a hearing thereon judgment was entered enjoining defendant from dispensing eyeglasses within the area specified in the contract until 22 June 1991.

Covenants that restrict competition are enforced in this State only (1) when they are reasonably necessary to protect a legitimate business interest of the covenantee; (2) when they are reasonable as to both time and territory; (3) when they do not interfere with the public interest. *Jewel Box Stores Corporation v. Morrow*, 272 N.C. 659, 158 S.E. 2d 840 (1968). Whether plaintiff's covenant meets the other requisites need not be determined, as it

is obvious from the materials before the court when the motions for summary judgment were heard that plaintiff's judgment is invalid and the covenant involved is unenforceable because the territory excluded from competition is unreasonably extensive. In reaching this determination we are guided by the following principles of law: The territory excluded from competition by an agreement such as this one must be no greater than is reasonably necessary to protect the covenantee's business interest, *Welcome Wagon International, Inc. v. Pender*, 255 N.C. 244, 120 S.E. 2d 739 (1961), and if it is unreasonably extensive the entire covenant fails since equity will neither enforce nor reform an overreaching and unreasonable agreement. *Masterclean of North Carolina, Inc. v. Guy*, 82 N.C. App. 45, 345 S.E. 2d 692 (1986). The reasonableness of a noncompetition covenant is a matter of law for the court to decide. *Shute v. Heath*, 131 N.C. 281, 42 S.E. 704 (1902).

Between them the affidavits of the parties show that (1) the area excluded from competition by the covenant includes Jacksonville, Atlantic Beach, Atlantic, Oriental, Emerald Isle, Harker's Island, Vanceboro, Ocracoke, Aurora, Arapahoe, Marshallberg, and Cove City, and (2) plaintiff has no established pool of customers in any of those places. For plaintiff's affidavit states that during the three years the parties occupied adjoining offices he referred to defendant all his customers who needed to have their eyes tested and glasses prescribed; and defendant's affidavit states that of the hundreds of customers plaintiff referred to him not one resided in any of the places named above, all of which are in the area excluded from competition by the covenant and several of which are quite populous. These forecasts of proof, standing alone, are sufficient to establish that plaintiff had no pool of customers in any of the places listed that he had a legal right to protect and that obligating defendant not to sell eyeglasses in those places was unnecessary for the protection of plaintiff's business. *Maola Ice Cream Company of North Carolina, Inc. v. Maola Milk and Ice Cream Company*, 238 N.C. 317, 77 S.E. 2d 910 (1953). The forecasts do stand alone for all intents and purposes, because plaintiff's only response to the facts indicating that plaintiff has few if any customers in any of the specific places listed was that his "customers reside throughout" the thirty mile radius area and "beyond." Under the circumstances this was equivalent to no response at all. For in a hearing for summary judgment an

evidentiary forecast that contains facts sufficient to establish that a plaintiff's action is unenforceable must be met with specific facts to the contrary, not indefinite generalities. *Blackwell v. Massey*, 69 N.C. App. 240, 316 S.E. 2d 350 (1984). Since plaintiff failed to state any contradictory facts or otherwise undermine the effect of defendant's affidavit the materials before the court established without contradiction that the covenant was not reasonable as to the territory excluded from competition and summary judgment should have been entered for defendant. *Noe v. McDevitt*, 228 N.C. 242, 45 S.E. 2d 121 (1947).

Thus, we vacate the judgment appealed from and remand the case to the trial court for the entry of a judgment dismissing plaintiff's action.

Vacated and remanded.

Judges WELLS and COZORT concur.