ANDERSON v. DEMOLITION DYNAMICS, INC.

[136 N.C. App. 603 (2000)]

———

DAVID A. ANDERSON, Ancillary Administrator of the Estate of GARY R. ANDERSON, Plaintiff v. DEMOLITION DYNAMICS, INC., Defendant

No. COA98-1350

(Filed 15 February 2000)

**Employer and Employee— employment by defendant—genuine issue of material fact**

Although defendant contends decedent was barred from bringing this wrongful death action because the exclusive remedy would be under the Workers' Compensation Act since decedent was a joint employee of defendant and Griffin Wrecking, the trial court erred by granting defendant's motion for summary judgment because there is a genuine issue of material fact under the "special employer" test concerning whether decedent was an employee of defendant based on: (1) whether there existed a contract for hire between defendant and decedent; and (2) the nature of defendant's right to control the detail of decedent's work.

Appeal by plaintiff from judgment entered 2 July 1998 by Judge W. Erwin Spainhour in Guilford County Superior Court. Heard in the Court of Appeals 19 August 1999.

ANDERSON v. DEMOLITION DYNAMICS, INC.

[136 N.C. App. 603 (2000)]

*Twiggs, Abrams, Strickland & Trehy, P.A., by Douglas B. Abrams, and Iraelson, Salsbury, Clements & Beckman, by Stewart M. Salsbury and Leslie Hayes Russo, for plaintiff-appellant.*

*Smith, Helms, Mulliss & Moore, L.L.P., by Jon Berkelhammer, Andrew S. Chamberlin, and Manning A. Connors, III, for defendant-appellee.*

JOHN, Judge.

Plaintiff David A. Anderson, ancillary administrator of the estate of Gary R. Anderson (decedent), appeals the trial court's grant of defendant Demolition Dynamics, Inc.'s motion for summary judgment. For the reasons stated below, we reverse and remand to the trial court for further proceedings.

Pertinent facts and procedural history include the following: Plaintiff initiated the instant wrongful death suit 22 August 1996. Decedent died 19 August 1995 as a result of injuries suffered when he fell from an abandoned conveyor structure in a quarry. At the time, decedent and several employees of defendant were preparing the structure for demolition by means of explosives.

In his complaint, plaintiff alleged, *inter alia*, that defendant, through its agents and employees,

> [n]egligently and wantonly undermined the structural integrity of the conveyor system while Plaintiff's decedent Gary R. Anderson was working on the bridge conveyor frame,

and that such negligence was the proximate cause of decedent's death. Included in defendant's answer was the defense that

> [a]t the time of the incident that forms the subject matter of Plaintiff's complaint, [decedent] was in the employ of [defendant] and was covered by the provisions of the North Carolina Workers' Compensation Act, which provides the sole and exclusive remedy to Plaintiff.

On the basis of the foregoing, defendant subsequently moved to dismiss for lack of subject matter jurisdiction, or alternatively for summary judgment. Following a hearing, the trial court entered summary judgment in favor of defendant 2 July 1998. Plaintiff timely appealed.

**ANDERSON v. DEMOLITION DYNAMICS, INC.**

[136 N.C. App. 603 (2000)]

The Workers' Compensation Act (the Act), N.C.G.S. § 97-10.1 (1991), provides:

> If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as against the employer at common law or otherwise on account of such injury or death.

In addition, this Court has stated that

> an employee's remedies are exclusive as against the employer where the injury is caused by an accident arising out of and in the course of employment. Thus, the exclusivity provision of the Act precludes a claim for ordinary negligence, even when the employer's conduct constitutes willful or wanton negligence.

*Wake County Hosp. Sys. v. Safety Nat. Casualty Corp.*, 127 N.C. App. 33, 40, 487 S.E.2d 789, 793, *disc. review denied*, 347 N.C. 410, 494 S.E.2d 600 (1997) (citation omitted).

Summary judgment is appropriately granted when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

N.C.G.S. § 1A-1, Rule 56(c) (1990). A summary judgment movant bears the burden of showing either that (1) an essential element of the non-movant's claim is nonexistent; (2) the non-movant is unable to produce evidence which supports an essential element of its claim; or, (3) the non-movant cannot overcome affirmative defenses raised in contravention of its claims. *Lyles v. City of Charlotte*, 120 N.C. App. 96, 99, 461 S.E.2d 347, 350 (1995), *rev'd on other grounds*, 344 N.C. 676, 477 S.E.2d 150 (1996). In ruling on such motion, the trial court must view all evidence in the light most favorable to the non-movant, accepting the latter's asserted facts as true, and drawing all reasonable inferences in its favor. *Kennedy v. Guilford Tech. Community College*, 115 N.C. App. 581, 583, 448 S.E.2d 280, 281 (1994).

Plaintiff contends the record reflects a genuine factual issue as to whether decedent was an employee of defendant. We agree.

It is undisputed that decedent was employed by a separate but related company, D.H. Griffin Wrecking Company (Griffin Wrecking). D.H. Griffin, Sr., (Mr. Griffin), his son, and Steve Pettigrew (Pettigrew), a former co-worker of decedent, formed defendant company to provide Griffin Wrecking with explosive demolition capabilities. The two companies often worked together on demolition projects, and decedent likewise was regularly involved with such projects.

Defendant maintains decedent, at the time of his death, was an employee of both Griffin Wrecking and defendant and that plaintiff's claim alleging negligence by defendant is barred by the exclusivity provisions of the Act. However, plaintiff contends decedent was solely an employee of Griffin Wrecking and that plaintiff's wrongful death action against defendant may therefore proceed.

> [S]ituations may exist under which an employee may properly be considered to be in the joint employment of two employers so that both become jointly responsible to pay compensation if the employee is injured by accident arising out of and in the course of such employment.

*Collins v. Edwards*, 21 N.C. App. 455, 458, 204 S.E.2d 873, 876, *cert. denied*, 285 N.C. 589, 206 S.E.2d 862 (1974). Our courts utilize the following three-prong "special employer" test to determine whether an employee may be deemed to have joint employers for purposes of the Act. *See id.* at 459, 204 S.E.2d at 876.

> When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if:
>
> (a) the employee has made a contract of hire, express or implied, with the special employer;
>
> (b) the work being done is essentially that of the special employer; and
>
> (c) the special employer has the right to control the details of the work.
>
> When all three of the above conditions are satisfied in relation to both employers, both employers are liable for worker's compensation.

3 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 67 (1999) [hereinafter Larson][1], *cited with approval in Collins*, 21 N.C. App. at 459, 204 S.E.2d at 876. Continuance of the "general" employment is presumed, and the party asserting otherwise must make a "clear demonstration that a new . . . employer [was] substituted for the old." Larson § 67.02, *quoted in Collins*, 21 N.C. App. at 460, 204 S.E.2d at 877.

Accordingly, in order to prevail on its summary judgment motion, defendant was required to show, *see Lyles*, 120 N.C. App. at 99, 461 S.E.2d at 350, that it was an employer of decedent, *i.e.*, that: (1) decedent made a contract for hire with defendant; (2) the work being done at the time of the accident was the work of defendant; and, (3) defendant had the right to control the detail of decedent's work, *see Collins*, 21 N.C. App. at 459, 204 S.E.2d at 876. For purposes of our ruling herein, we assume *arguendo* that the second prong of the special employer test has been met. However, we conclude the record reveals genuine issues of material fact as to the remaining prongs.

Employee is defined in the Act as

every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written . . . .

N.C.G.S. § 97-2(2) (Supp. 1998). As this Court has previously noted,

[b]ecause of this statutory requirement that the employment be under an "appointment or contract of hire," . . . the first question which must be answered in determining whether a lent employee has entered into an employment relationship with a special employer for [purposes of the Act] is: Did he make a contract of hire with the special employer? If this question cannot be answered "yes," the investigation is closed . . . .

*Collins*, 21 N.C. App. at 459, 204 S.E.2d at 876-77. The contract requirement is crucial because

the employee loses certain rights along with those gained when striking up a new employment relation. Most important of all, he or she loses the right to sue the special employer at common law for negligence; and . . . the courts have usually been vigilant in

---

1. This treatise has recently been restructured and most sections renumbered. Previous cases of this Court therefore cite to § 48, which has now been renumbered § 67.

insisting upon a showing of a deliberate and informed consent by the employee before employment relation will be held a bar to common-law suit.

Larson § 67.01[2].

In the case *sub judice,* defendant makes no argument nor does the record reflect that decedent entered into a written employment contract with defendant. Nonetheless, defendant asserts decedent "expressly accepted . . . employment" by defendant for the quarry demolition job which resulted in decedent's death. Defendant points to evidence that decedent, after being contacted by Pettigrew, sought permission from Mr. Griffin to work at the site and maintains that by coming to the site, decedent "accepted that assignment." These actions standing alone do not conclusively satisfy the contract for employment prong of the special employer test.

Moreover, additional evidence was presented through the deposition testimony of Mr. Griffin, Pettigrew, and decedent's widow tending to show the following:

(1) Decedent was paid by and insured through Griffin Wrecking, although defendant reimbursed Griffin Wrecking for forty percent of decedent's salary;

(2) Defendant neither paid payroll taxes on behalf of decedent nor claimed him as an employee for insurance purposes;

(3) Decedent represented to third parties that he was an employee of Griffin Wrecking;

(4) Decedent drove a Griffin Wrecking truck and used tools and safety equipment provided by Griffin Wrecking; however, at the demolition site the explosives were provided by defendant;

(5) Mr. Griffin gave decedent his assignments and decedent sought Mr. Griffin's permission to work on jobs with defendant; and,

(6) Griffin Wrecking was the general contractor at the demolition site and defendant a subcontractor, indicating decedent might have been present as a representative of either Griffin Wrecking or defendant.

Most notable among the foregoing is evidence concerning how decedent himself viewed his employment status, because an employment "relationship could not [have] arise[n] without his express or

ANDERSON v. DEMOLITION DYNAMICS, INC.

[136 N.C. App. 603 (2000)]

implied consent." *Collins*, 21 N.C. App. at 460, 204 S.E.2d at 877. Although defendant presented evidence indicating decedent had obtained licenses and permits pertaining to explosives using defendant's name, such evidence is at least counterbalanced by the following exchange during the deposition of decedent's widow:

> Q: At all times that you talked to [decedent], did he tell you and others that he was employed by [Griffin Wrecking]?
>
> . . . .
>
> A: Yes.
>
> Q: Did you talk to [decedent] about who he believed he was employed by?
>
> A: Yes, sir.
>
> Q: What did he tell you?
>
> A: D.H. Griffin Wrecking Company.
>
> . . . .
>
> Q: Did [decedent] in your presence ever tell other people by whom he was employed?
>
> A: Yes, sir.
>
> Q: And what did he say?
>
> A: D.H. Griffin Wrecking Company.
>
> . . . .
>
> Q: Had he ever told you that he was employed by [defendant]?
>
> A: No, sir.

Consideration of all the above evidence in the light most favorable to plaintiff, *Kennedy*, 115 N.C. App. at 583, 448 S.E.2d at 281, raises at a minimum a genuine factual issue as to the first prong of the special employer test, *i.e.*, whether there was an employment contract between defendant and decedent.

The third prong, control of the detail of the work, may be the most significant. *See Hayes v. Elon College*, 224 N.C. 11, 15, 29 S.E.2d 137, 140 (1944) ("[t]he vital test is to be found in the fact that the employer has or has not retained the right of control or superintendence over the contractor or employee as to details"). We therefore

examine the record regarding whether decedent accepted control and direction from defendant.

Taking the evidence presented in the light most favorable to plaintiff, *Kennedy*, 115 N.C. App. at 583, 448 S.E.2d at 281, we note that although Pettigrew, supervisor of the demolition project, directed decedent regarding what needed to be done, no evidence was presented that the latter was told *how* to do the specific tasks assigned, *see Collins*, 21 N.C. App. at 461, 204 S.E.2d at 877-78 (merely telling plaintiff truck driver where to make delivery and furnishing directions did not rise to level of supervision and control necessary to establish employment relationship); *cf. Brown v. Friday Services, Inc.*, 119 N.C. App. 753, 760, 460 S.E.2d 356, 360-61 (decedent accepted assignment from general employer to work with special employer and "performed the work at the direction and under the supervision of" special employer who "controlled the details of decedent's work"; decedent therefore qualified as employee of special employer), *disc. review denied*, 342 N.C. 191, 463 S.E.2d 234 (1995).

In his deposition, Pettigrew stated decedent was an explosive demolition expert who was "instructed to complete the final wiring and placement of charges at the quarry floor" and who "was in charge of the bottom charges" while Pettigrew was "in charge of the horizontals." Deposition testimony of Mr. Griffin also tended to show decedent was in charge of part of the demolition:

Q: Who does the analysis of where to do the cuts [on the structure to be demolished]?

A: On that particular job, I would imagine it would have been [decedent]. It'd either have been [decedent] or [Pettigrew], I really don't know, one of the two would have been in charge.

Mr. Griffin continued by noting that he "thought [decedent] was gonna do it on this one" and that decedent "did, when he was on jobs for [Pettigrew], do it all." Finally, Chris Jones (Jones), a co-worker present at the scene, was asked in his deposition, "did you understand that [Pettigrew] was in charge of bringing the structure down?" Jones responded, "yes, I was—I listened to both, I mean [decedent]—him and—him and [decedent] are more or less equals, I would say."

Testimony of Pettigrew, Mr. Griffin and Jones therefore reflects that decedent, an expert, was "in charge" of at least part of the demolition and not subject to Pettigrew's control over how the bottom

charges were to be wired or other details of his work. Taken in the light most favorable to plaintiff, *Kennedy*, 115 N.C. App. at 583, 448 S.E.2d at 281, such evidence

> hardly amounts to such supervision and control over [decedent's] activities as to justify implying therefrom that [decedent] . . . was thereby consenting to enter into some type of special employment relationship,

*Collins*, 21 N.C. App. at 461, 204 S.E.2d at 878, with defendant. In short, defendant at best has shown a genuine issue of material fact as to the third prong of the special employer test, defendant's control over the details of decedent's work.

To summarize, given the evidence presented to the trial court by both parties as to whether there existed a contract for hire between defendant and decedent and as to the nature of defendant's right to control the detail of decedent's work, *see id.* at 459, 201 S.E.2d at 876, we conclude defendant failed to meet its summary judgment burden, *see Lyles*, 120 N.C. App. at 99, 461 S.E.2d at 350, of showing decedent was a joint employee of defendant and Griffin Wrecking, and thereby failed to establish that plaintiff's claim was barred by the affirmative defense, *see id.*, of the exclusivity provisions of the Act. Accordingly, the trial court's grant of defendant's motion for summary judgment must be reversed.

Reversed.

Judges LEWIS and EDMUNDS concur.