CAROLINA PRIDE CARWASH, INC., Plaintiff,
v.
TIM KENDRICK, Defendant.
No. COA04-451
North Carolina Court of Appeals
Filed September 20, 2005
This case not for publication
Person County No. 02 CVS 12.
Ramsey, Ramsey & Long, by James E. Ramsey, for plaintiff-appellee.
Holt, Longest, Wall & Blaetz, P.L.L.C., by Frank A. Longest, Jr., for defendant-appellant.
CALABRIA, Judge.
Tim Kendrick ("defendant") appeals from summary judgment entered in favor of Carolina Pride Carwash, Inc. ("Carolina Pride") for breach of an employment contract. We reverse and remand for entry of summary judgment in favor of defendant.
Carolina Pride is a car wash maintenance provider and distributor of car wash equipment and supplies. Carolina Pride employs approximately forty-five people and operates in North Carolina, South Carolina, and the southern half of Virginia, east of the Blue Ridge Parkway. In late 1999, Carolina Pride was negotiating for the purchase of PDQ Carolina ("PDQ"), a car wash equipment distributor, where defendant was employed as a service technician earning approximately $15.00 per hour. On 20 December 1999, defendant met with the president of Carolina Pride and entered into an employment contract. The contract provided that Carolina Pride would pay defendant $500.00 after signing, employ him beginning in January 2000 as a service technician at $15.00 per hour, and pay him a $1,000.00 bonus after one year of employment. The sixth and seventh provisions of the contract contained a covenant not to compete and a provision for liquidated damages:
SIXTH: [Defendant] hereby agrees and guarantees to [Carolina Pride], that during the term of this contract and for three years after termination of this contract, [defendant] will not on his own account or as agent, employee or servant of any other person, firm or corporation engage in or become financially interested in the same line of business or any other line of business which could reasonably be considered as being in competition with [Carolina Pride] within North Carolina, South Carolina, or Virginia to-wit: Carwash sales and service of equipment, supplies, parts and any and all related merchandise; and further, that during this period, [defendant] will not directly or indirectly or by aid to others, do anything which would tend to divert from [Carolina Pride] any trade or business with any customer with whom [defendant] has made contracts or associations during the period of time in which he is employed by [Carolina Pride].
SEVENTH: That in the event [defendant] violates the provision of the preceding paragraphs, then [Carolina Pride] shall be entitled to liquidated damages in the amount of $50,000.00 to be paid by [defendant] to [Carolina Pride].
In March 2000, defendant started employment as a technician with Carolina Pride and served customers predominantly in North Carolina and occasionally in South Carolina. The following year, in 2001, defendant left Carolina Pride's employ and took a position with Water Works Management Company, L.L.C. ("Water Works") as manager of repair, maintenance, and supply for several of their car wash facilities in Greensboro, Mt. Airy, Elkin, and Boone.
In January 2002, Carolina Pride filed suit alleging defendant interfered with its customer relationships in violation of the covenant not to compete. In the spring of 2002, Water Works discharged defendant due to Carolina Pride's lawsuit. Defendant answered Carolina Pride's complaint and included counterclaims for the following: (1) fraud; (2) negligent misrepresentation; (3) unfair and deceptive trade practices; and (4) wrongful or tortious interference with business relations.
Both defendant and Carolina Pride subsequently moved for summary judgment, and on 17 October 2003, the trial court granted Carolina Pride's motion based on defendant's alleged breach of the covenant not to compete. In addition, the trial court ordered that defendant pay $50,000.00 in liquidated damages.
Defendant assigns error to the trial court's denial of his motion for summary judgment and grant of Carolina Pride's motion for summary judgment. Defendant argues the covenant not to compete was unenforceable as a matter of law because the time and territorial restrictions of the covenant were unreasonable. We agree, under these facts, that the time and territorial restrictions were greater than reasonably necessary to protect Carolina Pride's legitimate interests. Summary judgment is appropriate where there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. Robinson, Bradshaw & Hinson, P.A. v. Smith, 129 N.C. App. 305, 314, 498 S.E.2d 841, 848 (1998). See also N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). The moving party "bears the burden of showing either that (1) an essential element of the non-movant's claim is nonexistent; (2) the non-movant is unable to produce evidence which supports an essential element of its claim; or, (3) the non-movant cannot overcome affirmative defenses raised in contravention of its claims." Anderson v. Demolition Dynamics, Inc., 136 N.C. App. 603, 605, 525 S.E.2d 471, 472 (2000). When ruling on a motion for summary judgment the evidence must be "viewed in the light most favorable to the nonmoving party." Combs & Assocs. v. Kennedy, 147 N.C. App. 362, 368, 555 S.E.2d 634, 639 (2001).
"[A] covenant not to compete is valid and enforceable if it is `(1) in writing; (2) reasonable as to terms, time, and territory; (3) made a part of the employment contract; (4) based on valuable consideration; and (5) not against public policy.'" Precision Walls, Inc. v. Servie, 152 N.C. App. 630, 636, 568 S.E.2d 267, 272 (2002) (quoting Triangle Leasing Co. v. McMahon, 327 N.C. 224, 228, 393 S.E.2d 854, 857 (1990)). Whether the terms, time, and territory are reasonable is a matter of law and reviewable de novo. See Beasley v. Banks, 90 N.C. App. 458, 460, 368 S.E.2d 885, 886 (1988). "In evaluating reasonableness as to time and territory restrictions, we must consider each element in tandem[.]" Farr Assocs., Inc. v. Baskin, 138 N.C. App. 276, 280, 530 S.E.2d 878, 881 (2000). "Although either the time or the territory restriction, standing alone, may be reasonable, the combined effect of the two may be unreasonable. A longer period of time is acceptable where the geographic restriction is relatively small, and vice versa." Id.
A central purpose of a covenant not to compete is the protection of an employer's customer relationships. Hartman v. W.H. Odell & Assocs., Inc., 117 N.C. App. 307, 312, 450 S.E.2d 912, 917 (1994). Therefore, to prove that a covenant's territorial restriction is reasonable, "an employer must . . . show where its customers are located and that the geographic scope of the covenant is necessary to maintain those customer relationships." Id. "Furthermore, in determining the reasonableness of [a] territorial restriction[], when the primary concern is the employee's knowledge of customers, the territory should only be limited to areas in which the employee made contacts during the period of his employment." Manpower of Guilford County, Inc. v. Hedgecock, 42 N.C. App. 515, 522, 257 S.E.2d 109, 114-15 (1979). "If the territory is too broad, `the entire covenant fails since equity will neither enforce nor reform an overreaching and unreasonable covenant.'" Hartman, 117 N.C. App. at 312, 450 S.E.2d at 917 (quoting Beasley, 90 N.C. App. at 460, 368 S.E.2d at 886). Accordingly, taking the evidence in the light most favorable to Carolina Pride, we review de novo the covenant's provisions concerning time and territory. In the instant case, the covenant not to compete applied to all areas of North Carolina, South Carolina, and Virginia for a term of three years. However, the president of Carolina Pride testified that Carolina Pride's territory included North Carolina, South Carolina, and "the lower half of Virginia east of the Blue Ridge Parkway." Therefore, by including all of Virginia, the territorial restriction of the covenant encompassed a greater region than necessary to protect Carolina Pride's legitimate interest in maintaining its customer relationships. Moreover, while employed by Carolina Pride, defendant only contacted customers in North and South Carolina but never in Virginia. Therefore, the covenant was unreasonable not only for encompassing a greater region than necessary but also for encompassing any portion of Virginia because defendant never contacted customers in that state while employed by Carolina Pride. Additionally, although the covenant's three-year time period may be valid standing alone, it was unreasonable in this case when coupled with the unnecessarily broad territorial restriction. Accordingly, we hold the covenant not to compete was unenforceable as a matter of law, and the trial court erred by entering summary judgment for Carolina Pride and failing to enter summary judgment for defendant with respect to Carolina Pride's breach of contract claim. We likewise reverse that portion of the trial court's order requiring defendant to pay liquidated damages and remand the case to the trial court for further proceedings not inconsistent with this opinion. Reversed and remanded.
Judges HUNTER and LEVINSON concur.
Report per Rule 30(e).